IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Wissam T. Hammoud, | ) | Civil Action No. 5:18-cv-1332-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Bonita Mosley, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 17) recommending that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed without prejudice. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the petition without prejudice.

**I.  Background**

Petitioner Wissam T. Hammoud is currently incarcerated at a Federal Correctional Institution ("FCI") in Edgefield, South Carolina. (Dkt. No. 13 at 1.) On May 14, 2018, Petitioner petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1.) Petitioner alleged that he was improperly classified as an "international terrorist" in his file, and that this designation is "affecting his sentence." (Dkt. No. 13 at 2.) Petitioner, in his original petition,[1] alleged that this designation was placed in his file in violation of his rights to due process and equal protection of the law under the fifth and fourteenth amendments. (Dkt. No. 1 at 2 – 4.) The Petitioner alleges that the "international terrorist" designation has led to discrimination during his incarceration, and predicts that it will lead to further discrimination after he is released. (Dkt. No.

---

[1] Petitioner complied with a Court Order to bring his petition into proper form, and his Amended Petition was filed on July 5, 2018. (Dkt. No. 13.)

1 at 3.) Petitioner asks the Court to remove his classification as an "international terrorist" in his prison records, and to enjoin any future discrimination. (Dkt. No 1 at 5; Dkt. No. 13 at 8.)

The Magistrate Judge, reviewing the record, recommended that the petition be dismissed without prejudice since the Court lacks subject-matter jurisdiction. (Dkt. No. 17.) Petitioner has not filed objections.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Petitioner has not filed objections, and therefore the R &R is reviewed for clear error.

## III. Discussion

The R & R is correct that this Court lacks subject-matter jurisdiction to consider the petition under 28 U.S.C. § 2241. The Supreme Court has held that "a constitutional challenge to the conditions of his prison life" are properly brought as a civil rights action, rather than a petition for a writ of habeas corpus which challenges the "fact or duration of [the] physical confinement itself...." *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827, 1841 (1973). The Court further explained that a § 1983 action provides the appropriate remedy "where success in the action *would*

*not necessarily* spell immediate or speedier release for the prisoner." *Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S. Ct. 1242, 1247 (2005) (emphasis in original). For prisoners in federal custody, like the Petitioner here, the appropriate action is a *Bivens* claim, which is analogous to a claim under 42 U.S.C. § 1983 against federal officials. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389, 91 S. Ct. 1999, 2001 (1971).

As the R & R correctly noted, this Court does not have subject-matter jurisdiction to consider Petitioner's claim because the relief requested is not available under § 2241. There is no indication that removing Petitioner's designation as an "international terrorist" in his records would lead to his immediate or speedier release, and the relief requested is unrelated to the fact or duration of his confinement. Furthermore, other courts considering claims similar to Petitioner's have held that they are not cognizable as habeas actions. *See, e.g., Stanko v. Quay*, 356 F. App'x 208, 210 (10th Cir. 2009) (challenge to "prison classification score" should be filed as *Bivens* action rather than under § 2241). Finally, while properly brought as a civil suit, the Court may not "convert" the habeas petition into a *Bivens* action. *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) ("a petition for habeas corpus may not be 'converted' to a civil suit, nor may district judges convert suits in the other direction."). Petitioner therefore should file his claims under *Bivens*, and the petition is dismissed without prejudice.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 17) is **ADOPTED** as the order of the Court and Petitioner's petition for a writ of habeas corpus (Dkt. Nos. 1, 13) is **DENIED WITHOUT PREJUDICE.**[2]

---

[2] *Platts v. O'Brien*, 691 F. App'x 774 (4th Cir. 2017) ("However, because the district court lacked jurisdiction over [the] § 2241 petition...the dismissal of [the] challenges to his convictions and restitution order is without prejudice....").

# Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner cannot bring this claim to remove his designation under § 2241. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 15, 2018
Charleston, South Carolina